B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re BERLINDA DAWDY                ,                Case No.  1834739

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| PERITUS PORTFOLIO SERVICES II, LLC, LLC/Wollemi Acquisitions | SANTANDER CONSUMER USA INC. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
PO BOX 141419 Irving Tx 75014-1419
bankruptcy@peritusservices.com

Court Claim # (if known):      2
Amount of Claim:   $39712.18
Date Claim Filed:   1/18/2019

Phone:  866-831-5954
Last Four Digits of Acct #:     5542

Phone: 
Last Four Digits of Acct. #: 

Name and Address where transferee payments should be sent (if different from above):
Same as above

Phone: 
Last Four Digits of Acct #: 

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Georgina Yarbrough                Date: 10/18/2019
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Santander Consumer USA Inc., d/b/a Drive Financial Services (hereinafter "Seller") for the sole and exclusive purposes set forth herein pursuant to that certain Forward Flow Financial Assets Sale Agreement effective March 31, 2015, as amended from time to time (hereinafter "Agreement"), between Seller and Wollemi Acquisitions, LLC, as successor in interest to NCEP, LLC (hereinafter "Buyer") hereby names, constitutes and appoints Buyer, or any of its authorized agents, employees or representatives, its duly authorized attorney and agent with limited power and authority to perform the following as its attorney-in-fact, and to do these acts incident to such Agreement, which the undersigned has had or was entitled to exercise as the owner of certain Financial Assets as follows:

a) Executing on behalf of Seller such documents as are necessary for Buyer to perfect any security interest or lien in favor of Seller on the lien certificate or certificate of title of any vehicle financed pursuant to any of the Financial Assets;
b) To sign and endorse Seller's name on any check, draft, money order or other form of payment delivered to Seller or Buyer on account of any Financial Asset, including without limitation, any payments received from a bankruptcy trustee;
c) For the purpose of exercising all rights and remedies Seller would have with respect to any Financial Asset and any vehicles securing any Financial Asset; and
d) To execute on behalf of Seller (i) all actions, deliver all instruments, documents or other writings as appropriate in any way which Seller could do with respect to enforcing its rights with respect to the Financial Assets; and (ii) any Joint Notice of Transfer of Claim Pursuant to FRBP 3001(e)(2) and Waiver of Opportunity to Object for filing in each Bankruptcy Case in regard to the Financial Assets.

Buyer is authorized to delegate said power of attorney to its officers, agents, employees, representatives and to any other person or persons it deems appropriate, but only for the limited purposes set forth herein.

For value received, the receipt and sufficiency of which is hereby acknowledged, Seller agrees and does hereby intend that this power of attorney be coupled with an interest, and declares this power of attorney to be irrevocable by Seller or otherwise, renouncing all right to revoke this power or appoint any other person to perform any of the acts enumerated herein.

Seller hereby instructs and authorizes anyone presented with this Limited Power of Attorney, or a copy hereof, to comply with the Limited Power of Attorney and rely on Buyer's statements and instructions in connection therewith. Anyone who relies on and complies with this Limited Power of Attorney or Buyer's statements or instructions in connection therewith shall have no liability to Seller for doing so.

EXECUTED on this the 24th day of September, 2019.

Santander Consumer USA Inc.

By: _____
Name: Scott Powell
Title: CEO

STATE OF TEXAS    )
                  )
COUNTY OF DALLAS  )

Sworn before me this 24th day of September, *the year of our Lord*, 2019.

_____
(Notary Stamp & Signature)

My commission expires: 3-3-2020

KIMBERLY TULLOS
Notary Public, State of Texas
Comm. Expires 03-03-2020
Notary ID 6333915

August 13, 2015



*<u>Via Electronic Mail</u>*

Peritus Portfolio Services II, LLC
433 E Las Colinas Blvd. Suite 475
Irving, TX. 75039

Re:   *Affiliated Entities Letter*

Dear Mr. Perdue:

    Please be advised that Wollemi Acquisitions, LLC and Gryphon Corp. are "affiliated entities", as that term is defined by Generally Accepted Accounting Principles.

                              Yours truly,

                              Paul Libretta
                              Vice President

## SERVICE AGREEMENT

This SERVICE AGREEMENT (this "*Agreement*"), dated as of January 14, 2015 (the "*Effective Date*"), is made and entered into by and between **GRYPHON CORP.**, a Nevada corporation and its affiliates (the "*Company*"), and **PERITUS PORTFOLIO SERVICES LLC**, a Texas limited liability company (the "*Servicer*"). Each of the Company and the Servicer is at times referred to in this Agreement individually as a "*Party*" and collectively as the "*Parties*".

## W I T N E S S E T H:

**WHEREAS**, affiliates of the Company own certain delinquent accounts which are included in a bankruptcy (collectively, the "*Accounts*") and the Company has entered into agreements with such affiliates for the servicing of the Accounts

**WHEREAS**, desires to engage the Servicer to perform certain services on the Company's behalf for such Accounts; and

**WHEREAS**, the Servicer desires to accept the engagement on the terms and subject to the conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the above premises and the mutual agreements hereinafter set forth, and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

## ARTICLE I
## REFERRAL AND ACCEPTANCE OF ACCOUNTS

**Section 1.1    Referred Accounts.** From time to time, the Company may refer Accounts to the Servicer (the "*Referred Accounts*"). For purposes of this Agreement, the term "*Referral Date*" shall mean (a) the date on which the Company places the Referred Accounts on the secured file website, or (b) in the case of a Referred Account that the Company transmits through means other than the secured file website, the date on which the Servicer receives written notice of the Referred Account. The terms and conditions of this Agreement apply to all Accounts referred to the Servicer by the Company, whether referred before, on or after the Effective Date. The Company will provide the Servicer with all documentation and information it possesses as may be reasonably necessary to allow the Servicer to provide representation relating to the Referred Accounts. Company covenants and agrees that to the Company's knowledge, (a) it will own or be authorized to service each Account forwarded to Servicer hereunder, (b) each such Account will constitute a valid obligation of the debtor, enforceable against such debtor (except to the extent enforceability is stayed or otherwise affected by the debtor's bankruptcy case), and (c) the information forwarded by Company with respect to each Account is true and correct in all material respects.

**Section 1.2    Acknowledgment and Loading.** The Servicer will acknowledge in writing, or by transmission of an electronic acknowledgement file, its receipt of the Referred


&lt;IAAI TSS 49922 GENERICDOCT&gt;
Miscellaneous

IN WITNESS WHEREOF, each of the Parties to this Amendment has caused its respective duly authorized representative to execute this Amendment as of the Effective Date.

**Company:**

**GRYPHON CORP.,**
a Nevada corporation

By: _____
Name: Brett M. Samsky
Title: CEO

**Servicer:**

**PERITUS PORTFOLIO SERVICES LLC,**
a Texas limited liability company

By: _____
Name: GARY PERDUE
Title: PRESIDENT

<IAAI TSS 49922 GENERICDOCT>
Miscellaneous

[SIGNATURE PAGE 1 OF 1 TO FIRST AMENDMENT TO SERVICE AGREEMENT]



**CREDIGY**

3715 DAVINCI COURT
SUITE 200
NORCROSS, GEORGIA 30092

TELEPHONE: 678.728.7310
FACSIMILE: 678.728.7170

PAGE 1 OF 1

January 8, 2018

<u>*Via Electronic Mail and FedEx*</u>

Dealertrack Collateral Management Services, Inc.
3268 Progress Way Bldg. 12
Wilmington, OH 45177

&lt;IAAI TSS 49922 GENERICDOCT&gt;
Miscellaneous

Re:   *Affiliated Entities Letter*

Dear Sir or Madam:

Please be advised that the following entities are all "affiliated entities", as that term is defined by Generally Accepted Accounting Principles: Credigy Solutions Inc., NCEP, LLC and Wollemi Acquisitions, LLC (collectively, "*Credigy*"). Please be advised that the managers of each of these companies are identical as are the business methods, practices, network infrastructure and security protocols. Credigy has the right, power and authority to perfect, modify and release security interests on vehicle records on behalf of the entities listed below. Please accept this as evidence and proof of such rights.

Santander Consumer USA Inc. (SCUSA)
Santander Consumer USA Inc., d/b/a Drive Financial Services
Santander Consumer USA Inc., d/b/a Chrysler Capital
DT Acceptance Corporation
American Credit Acceptance, LLC (ACA)

Sincerely,

Paul Libretta
*General Counsel*